PATTISON v. BARNES.

PRINCIPAL AND AGENT.—FRAUD.—Complaint by A against B, alleging that A, having been a member of a co-partnership before that time dissolved, had employed an agent to compound and pay the debts of the co-partnership for which he was liable as such partner; that B had falsely and fraudulently represented to said agent that he held a note of said co-partnership for the payment of which A was liable, and that said note was then in the hands of an attorney in a distant town, &c.; that said agent, confiding in said representations, paid said debt, &c.

*Held*, that the complaint showed a good cause of action against B.

APPEAL from the *Rush* Circuit Court.

ELLIOTT, J.—*Pattison*, who was the plaintiff below, filed a complaint of three paragraphs. He subsequently, however, dismissed as to the first paragraph, and the court sustained demurrers to the second and third, and rendered final judgment for the defendant. *Pattison* excepted and appeals to this court.

The second paragraph of the complaint alleges "that on the 13th day of *October*, 1864, one *Isaac Pattison* was the agent of said plaintiff, and as such was authorized to pay and compromise debts due from said plaintiff, and debts due and owing by the firm of *Shoup, Cullum & Co.*, created by said firm while said plaintiff was a member of said firm, and any and all debts justly due and owing from said plaintiff individually, or as a member of any firm, which authority and agency were well known to said defendant; that to deceive and defraud the plaintiff he, the said defendant, falsely represented to said agent that the plaintiff was liable to him, said defendant, on a certain note executed by the firm of *Shoup, Van Bergen & Co.*, of which said plaintiff was a member, and also that the plaintiff was liable to him on a note executed by *George Shoup, Richard Cullum* and said plaintiff; and further falsely represented to said agent that said plaintiff was liable to him on a judgment in the *Franklin* Common Pleas Court; and, further to deceive

said agent, and defraud said plaintiff, the defendant represented that said notes were at *Brookville*, when asked to produce them, and by the use of said false statements made said agent believe that said plaintiff was indebted and liable to him in a great sum of money; and by the use of the aforesaid false and deceitful statements, and other devices, induced and procured said agent to pay him the sum of $250, and gave him therefor a receipt, of which the following is a copy: 'Received, *October* 13th, 1864, of *E. W. Pattison*, two hundred and fifty dollars, in full of all demands as an individual, or as a partner in any company, including all judgments up to the present date.' (Signed) '*Aaron Barnes.*' That the said defendant then well knew that said plaintiff did not owe him in any way, either by note or judgment, as an individual or as a member of any firm, one farthing." Wherefore he demands judgment for $500.

· The third paragraph is as follows, viz: "The plaintiff, for a further and third paragraph of his complaint, says that he was, from the spring of 1852 to *July*, 1853, a member of the firm of *Shoup, Cullum & Co.*; that about the 1st of *October*, 1864, he authorized one *Isaac Pattison*, as his agent, to compound, settle and pay any and all debts of said firm, either by note, judgment or otherwise, created by said firm during the time he was a member thereof as aforesaid, and furnished said agent the money with which to compound, settle and pay said debts; that about the 13th of *October*, 1864, the defendant, well knowing the premises, and designing to defraud and cheat the plaintiff, falsely represented to said agent that he had a claim against said *Shoup, Cullum & Co.*, created during the time said plaintiff was a member of said firm, in the sum of $7.95, and that he had a note of said firm for that amount, which note was then in the hands of his attorney at *Brookville*, and he could not produce the same for the inspection of said agent, but that said plaintiff was liable to him, the defendant, on said note; that the defendant, further to defraud and cheat the plaintiff, falsely

represented to said agent that he had obtained a judgment against said firm of *Shoup, Cullum & Co.* on the note aforesaid, and that said plaintiff was liable to him on said judgment; that further to defraud and cheat the plaintiff said defendant represented to said agent that he loaned the said firm, during the time the plaintiff was a member thereof, the sum of $795, for which said firm was liable to him; that said agent, relying upon the statements and representations aforesaid as true, and having no means then and there to ascertain the truth of said statements, for the reason that when he called upon the said defendant to produce the evidence of said indebtedness he, the defendant, stated that said note, judgment, &c., were at *Brookville,* some 25 miles distant; that said agent was induced by the statements and representations made by the defendant as aforesaid, to believe that the plaintiff was liable to said defendant in a large sum of money, and was thereby induced to pay to said defendant, out of the money of said plaintiff, the sum of $250, as a compromise or settlement of all claim or liability from the plaintiff to the defendant, as set forth in the statement of the defendant. Whereas, in truth and in fact, said defendant had not a note of *Shoup, Cullum & Co.,* nor had he ever obtained a judgment against said firm, nor had he ever loaned said firm the money spoken of, nor had he any valid existing claim, either in law or equity, against said firm, or against said plaintiff; all of which was well known to said defendant, and that said statements and representations were false, and made by said defendant to deceive and defraud said plaintiff out of the said sum of $250, to the plaintiff's damage," &c., with prayer for judgment, &c.

No brief has been furnished us by the appellee. The paragraphs were demurred to separately, for the reason that neither stated facts sufficient to constitute a cause of action. We are not advised of the particular objection which the court below regarded as fatal to the complaint, but it is said in the brief of the appellant's counsel, that it was in-

sisted by the counsel for the defendant that the suit should have been brought by the agent upon whom the fraud was practiced, and that the plaintiff's remedy was against his agent, and not against the defendant. It may be that the plaintiff could recover against the agent, as the money was not paid on a claim existing against the plaintiff. Be that as it may, we think it clear that the facts stated in either paragraph of the complaint show a valid cause of action in favor of the plaintiff against the defendant. Each paragraph charges the defendant with obtaining the plaintiff's money from his agent by fraud and deceit, willfully practiced upon him for that purpose. The fraud thus perpetrated on the agent was a fraud on the principal, as the money obtained by means of the fraud was the property of the principal, and he is therefore entitled to his remedy directly against the wrong-doer. We see no valid objection to either paragraph of the complaint, and think the court erred in sustaining the demurrers.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court below to overrule the demurrers to the second and third paragraphs of the complaint, and for further proceedings.

*W. Morrow, R. M. Goodwin* and *W. H. Hay*, for appellant.